ALBERT COLE, RESPONDENT, *v.* ROBERT MALCOLM,
IMPLEADED, APPELLANT.

*Fraudulent conveyance — rights of heirs of grantee — subrogation.*

One Crawford conveyed certain real estate to his wife, with intent to defraud his creditors. Subsequently his wife died intestate, and the property descended to her heirs, all of whom assigned their interest to one Malcolm. Subsequently one of the creditors of Crawford recovered a judgment against him, and thereafter instituted an action in which the said conveyance was adjudged to be fraudulent as to him, and a sale of the property was directed. Thereafter Malcolm tendered the judgment creditor the amount due to him, and demanded an assignment of the judgment against Crawford, and upon his refusal to assign, he next applied for an order requiring him so to do, so that Malcolm might be subrogated to his rights. *Held*, that the application was properly refused; that the wife took the property subject to the rights of the creditors, and that any one claiming under her must take the same rights she had and no more.

APPEAL from an order made at the Special Term, denying a motion made by the appellant, Malcolm.

Prior to December, 1869, John Crawford, of the city of New York, was indebted to Albert Cole in the sum of $4,000 and upwards. He was then the owner of certain lots of land situated in Yonkers, in the county of Westchester. These lots, on December 7, 1869, he conveyed to his wife, Sarah E. Crawford, without consideration, and for the avowed purpose of securing the same to her and saving the same from the claims of all parties whomsoever, and for the purpose, also, of hindering, delaying and defrauding his creditors, he being at the time largely indebted and having no other real estate, and but little personal property, and such personal property being insufficient to pay his debts.

Mrs. Crawford died, childless and intestate, on the 7th day of August, 1870. The lots in question descended to her heirs at law, of whom the appellant, Robert Malcolm, her nephew, was one. As such he was entitled to a one-fourteenth interest in the estate. Since then, and since the recovery of judgment in this action, he became the assignee of the interests of several of the other heirs of Mrs. Crawford.

On the 11th day of November, 1870, Cole recovered judgment in this court against Crawford for the sum of $5,134.68, which was

on that day docketed in the office of the clerk of the city and county of New York, and a transcript was filed in the office of the clerk of the county of Westchester. Execution was duly issued thereon and returned unsatisfied. Thereupon this action was brought by Cole against John Crawford and the heirs at law of his deceased wife, to set aside the conveyance of the said lots to Mrs. Crawford, as fraudulent, and on the 29th day of March, 1871, judgment was entered as prayed for in the plaintiff's complaint.

This judgment was affirmed by the General Term and again by the Commission of Appeals.

The plaintiff then advertised the lots for sale under the said judgment. Thereupon the defendant Malcolm made a tender to the plaintiff or his assignee, Hiram K. Miller, of the amount due on the judgment against Crawford, and demanded an assignment of the decree in this case, and also of the said judgment of November 11, 1870. Miller offered to assign the decree, but not the judgment, against Crawford. Malcolm then made a motion that Miller be compelled to assign to him (Malcolm) " the judgment herein," and also " the original judgment in the case of Albert Cole against John Crawford," and that he (Malcolm) " be subrogated to the rights of the plaintiff in this action."

The motion was denied, and from the order of denial Malcolm appealed.

*Hamilton Odell*, for the respondent.

*John R. Dos Passos*, for the appellant.

PRATT, J.:

There is no merit in this application.

The conveyance by Crawford to his wife was without consideration, and fraudulent as against creditors.

In equity Crawford's creditors had a right to be paid their claims out of the property so conveyed, and she took the title subject to such equity.

Any one claiming under her must take the same rights she had, and no more.

The appellant must be held to have made the payment volun-

tarily, as he was not compelled to pay in order to protect his rights.

He got all that Mrs. Crawford had at the time of her death, which consisted of the real estate conveyed to her by her husband, subject to the claims of creditors. The claims being put by a judgment in the form of an active lien upon the property, he is entitled to redeem the property, but it cannot be tolerated that because a specific gift from Crawford to his wife failed, that it shall be made good by Crawford, out of property subsequently acquired by him.

I cannot accede to the doctrine that the appellant stands in the position of a surety. He was in no manner bound to pay the debts of Crawford. Neither was Mrs. Crawford, under whom he claims, bound to pay. The fact that the conveyance from Crawford to his wife was valid, "*inter partes*" is not material. This proceeding is not based upon any covenant.

That the gift from Crawford to his wife did not meet the expectations of her heirs is their misfortune. The defendant has lost nothing that he could rightfully claim.

The order should be affirmed, with costs.

BARNARD, P. J., concurred.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Order affirmed with costs.